UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In Re: ) | Case No. 09-83145 |
| ) | |
| SANITARY AND IMPROVEMENT ) | **CHAPTER 9** |
| DISTRICT #509 OF DOUGLAS ) | |
| COUNTY, NEBRASKA, ) | |
| ) | |
| Debtor. ) | |

**SUPPLEMENTAL ORDER REGARDING ISSUANCE OF SECURITIES**

This Order is entered upon Motion of Sanitary and Improvement District No. 509 of Douglas County, Nebraska (the "District") filed May 26th, 2010 (the "Motion"). Capitalized terms used herein, unless context clearly requires otherwise, shall have the meaning described in the Chapter 9 Plan of Adjustment approved by this Court (the "Plan").

The Motion requests that this Court enter an Order approving certain aspects of the issuance of Certificates of Indebtedness and Bonds to be issued by the District, as well as certain timelines for the issuance thereof.

IT IS THEREFORE ORDERED:

1. <u>Form of Certificates of Indebtedness.</u> The Resolution authorizing the Certificates of Indebtedness attached hereto as Exhibit "A," is hereby approved.

2. <u>Substitution of Paying Agent.</u> The Paying Agent, originally designated as D.A. Davidson & Co., shall for the purposes of administering and paying under the Certificates of Indebtedness and Bonds, shall be First National Bank of Omaha.

3. <u>Certificates of Indebtedness Issuance.</u>

    A. The District shall, through itself or through the Paying Agent, notify the holders of all Pre-Petition Construction Fund Warrants of the address to which the original Pre-Petition Construction Fund Warrants are to be submitted to the Paying Agent. Such Notice shall set forth the date by which the Pre-Petition Construction Fund Warrants must be received for exchange for Certificates of Indebtedness, which shall not be later than July 15, 2010.

    B. Not later than June 15, 2010, the District shall issue, through the Paying Agent, all Certificates of Indebtedness. The Certificates of

Indebtedness must be delivered to the Holder or Holder's Agent within fifteen (15) days of issuance.

C. Certificates of Indebtedness, as defined under the Plan, shall include and refer to any alternate name of such Certificates of Indebtedness, including Certificates, Trust Certificate, Class B Replacement Warrant, or other name indicating a right to payment distinct from the Post-Petition Bonds, Post-Petition Construction Warrants and general funding warrants.

D. The Certificates of Indebtedness shall be issued and delivered by the District in accordance with the Plan. The District, its counsel of Pansing Hogan Ernst & Bachman LLP, D.A. Davidson & Co., First National Bank of Omaha and Baird Holm LLP, bond counsel for the District, have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code in issuing and delivering the Certificates of Indebtedness. As such, each of such parties are entitled to and are hereby provided with the protection of 11 U.S.C. §11-25(e) in all respects in connection with the issuance and delivery of the Certificates of Indebtedness. Such other persons that issue, offer, sell or purchase said Certificates of Indebtedness in good faith and in compliance with the applicable provisions of the Bankruptcy Code are entitled to and shall be provided with the protections of 11 U.S.C. §11-25(e).

E. For the purpose of the Certificate of Indebtedness the Effective Date shall be June 15, 2010.

4. Bond Issuance.

A. The form of the Resolution authorizing issuance of Bonds, attached hereto as Exhibit "B", is hereby approved. Such Bonds shall be identified herein as the 2010 Bonds.

B. The 2010 Bonds are approved as issued in accordance with Article VI of the Plan. The timeline for issuance of the 2010 Bonds shall be in

    accordance with the resolution of the District as attached to the Motion.

  C. The 2010 Bonds shall be issued by the District and offered and sold in accordance with the Plan and means of the Offering Statement of the District dated June 15, 2010. The District, its counsel of Pansing Hogan Ernst & Bachman LLP, D.A. Davidson & Co., First National Bank of Omaha, and Baird Holm LLP, bond counsel for the District, have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the issuance and sale of the 2010 Bonds. As such, each of such parties are entitled to and are hereby provided the protection of 11 U.S.C. §1125(e) in all respects in connection with the issuance and sale of the 2010 Bonds. Such other persons that issue, offer, sell or purchase the 2010 Bonds in good faith and in compliance with the applicable provisions of the Bankruptcy Code are entitled to and shall be provided the protections of 11 U.S.C. §1125(e).

5.  <u>Allocation and Distribution of Funds.</u> The District shall make all allocations and distributions of funds required by Article V of the Plan not later than July 15, 2010. Except as proceeds of the 2010 Bond issuance are necessary to satisfy the provisions of Article V(a) and (b) of the Plan, the proceeds of the 2010 Bonds shall be treated as proceeds of Post-Petition Bond under Article VI of the Plan and not subject to distribution as directed in Article V(c).

6.  <u>Notice.</u> The District shall be responsible for mailing and service of this Order, and shall file a Certificate of Service within ten (10) days of providing such notice.

DATED this _____ day of _____, 2010.

BY THE COURT:

_____
Judge Timothy J. Mahoney

## RESOLUTION

BE IT RESOLVED, by the Board of Trustees of Sanitary and Improvement District No. 509 of Douglas County, Nebraska.

Section 1. The Board of Trustees finds and determines that: the District was duly organized under the provisions of Section 31-727 to 31-762, R.R.S. Nebraska, 1943, as amended; the Board of Trustees of the District has previously adopted Resolutions of Necessity for the installation of certain improvements, such improvements have been installed and the work completed has been and is hereby accepted by the Board of Trustees of the District, and special assessments have been or will be levied as provided by law to pay the cost of such improvements; the District's records reflect that it has outstanding construction warrants issued to pay the cost of such improvements in the amount of $9,248,089.00 on which interest has accrued to June 15, 2010 in the amount of $1,087,911.00 for a total of $10,336,000.00 (the "Outstanding Warrant Indebtedness"); the District and the Board of Trustees of the District on November 19, 2009 commenced a proceeding in the United States Bankruptcy Court for the District of Nebraska, identified as case number BK09-83145, under Chapter 9 of the United States Bankruptcy Code; the District proposed its Plan of Adjustment in such Bankruptcy Court Proceeding dated November 19, 2009 and the Plan of Adjustment was approved and confirmed by an Order of the United States Bankruptcy Court for the District of Nebraska on March 9, 2010 and said Order will be supplemented by the United States Bankruptcy Court for the District of Nebraska after the date hereof (the said Plan of Adjustment and said Order, as supplemented, are hereinafter collectively referred to as the "Confirmed Plan"); and, in accordance with the Confirmed Plan, the amount of the Outstanding Warrant Indebtedness is to be exchanged for the certificates hereinafter authorized.

The Board of Trustees further find and determine that it is now necessary and appropriate for the District to issue certificates of indebtedness in the principal amount to $10,336,000.00 to be exchanged for outstanding construction warrants in the principal amount of $9,248,089.00, with accrued interest thereon of approximately $1,087,911.00 to June 15, 2010 in accordance with and in compliance with the Confirmed Plan.

The Board of Trustees further find and determine that the District will, in the future, from time to time, issue its General Obligation Bonds, in various series and leaving various dates and in various principal amounts, as determined, from time to time by the Board of Trustees, including $1,000,000 of General Obligation Bonds, dated as of June 15, 2010 (the "Series 2010 Bonds") (the said Series 2010 Bonds and other Bonds are hereinafter collectively referred to herein as the "Bonds"); and that in accordance with the Confirmed Plan, the certificates of indebtedness hereinafter authorized are to be subject to, subordinate to and junior to all other obligations of the District including the Bonds.

Section 2. All conditions, acts and things required by law to exist or to be done precedent to the issuance of sanitary and improvement district certificates of indebtedness to finance the above improvements by virtue of the exchange of outstanding construction fund warrants, in accordance with the Confirmed Plan, do exist and have been done in due form and time as required by law and Sanitary and Improvement District No. 509 of Douglas County, Nebraska, is empowered to issue such certificates of indebtedness in the amount of $10,336,000.00 to so finance a portion of the costs of the herein described improvements by virtue of such exchange of outstanding construction fund warrants.

Section 3. For the purpose of implementing the Confirmed Plan and financing the costs specified in Section 1 there are hereby ordered issued fully registered certificates of indebtedness of the District in the total principal amount of Ten Million Three Hundred Thirty-Six Thousand Dollars, ($10,336,000.00) which shall be designated as Certificate of Indebtedness (the "COIs"). The COIs shall be subject to, junior to and subordinate to all Bonds as to payment and priority of payment. The COIs shall be initially issued as one certificate dated June 15, 2010 in the principal amount of $10,336,000.00, and the unpaid principal amount thereof shall bear simple interest at the rate of 4.50% per annum.

1

If any principal amount of the COIs, together with interest thereon, remains unpaid as of June 15, 2025, such principal and interest shall be discharged, canceled, extinguished and terminated on June 15, 2025 (the "Termination Date") in accordance with the Confirmed Plan after payment of any Distributable Amount on such Termination Date as provided herein. All payments on the COIs shall first be applied to principal and the balance, if any, to interest. Interest shall only be paid if, and only if, all the principal amount of the COIs has been paid, in full, and until such principal amount is paid, in full, all such interest shall be accrued until paid.

The principal of and unpaid interest on the COIs may be prepaid or redeemed, at any time, without penalty or premium.

On December 1, 2010 and on each December 1 in each year prior to the Termination Date, the District shall transfer to the Paying Agent, all amounts available for distribution to the holders of COIs in accordance with and pursuant to the Confirmed Plan (the "Distributable Amount") to be held for payment on the COIs. Payments on the COIs shall be made on December 1, 2010 and thereafter on the first day of December of each year commencing on December 1, 2010, and continuing until and including the Termination Date by the Paying Agent in an amount equal to the Distributable Amount held by the Paying Agent on such payment date; provided, however, no amounts shall be transferred to the Paying Agent to be used for payments to the holders of COIs unless the Distributable Amount to be held by the Paying Agent on such payment date is in excess of $100,000.00 as provided in and in accordance with the Confirmed Plan. All such payments shall be allocated and paid by such Paying Agent proportionately to the registered owners of the COIs based upon the outstanding principal and interest then due to such registered owner of a COI compared to the total principal and interest of all of the COIs then due to all registered owners.

THE CERTIFICATES OF INDEBTEDNESS ARE ISSUED IN ACCORDANCE WITH THE CONFIRMED PLAN AND ARE (I) SUBJECT TO THE PAYMENT TERMS SET FORTH IN THE CONFIRMED PLAN, (II) ARE NOT GUARANTEED TO PAY FULL INTEREST OR RETURN PRINCIPAL FACE VALUE, AND (III) ARE NOT SUBJECT TO GUARANTEE UNDER SECTION 31-755, R.R.S. NEBRASKA, 1943, AS AMENDED.

REGARDLESS OF WHETHER OR NOT THERE IS AN OUTSTANDING BALANCE DUE ON ANY OR ALL PRE-PETITION CONSTRUCTION FUND WARRANTS AS OF THE TERMINATION DATE, ALL OBLIGATIONS OF THE DISTRICT REGARDING THE PRE-PETITION CONSTRUCTION FUND WARRANTS SHALL TERMINATE AS OF THE TERMINATION DATE, AT WHICH TIME, THE DISTRICT SHALL HAVE NO FURTHER OBLIGATION TO THE HOLDER OF ANY PRE-PETITION CONSTRUCTION FUND WARRANT.

The COIs shall be issued in the form of fully registered certificates, in varying denominations and may contain such variations, omissions and insertions as are incidental to such differences of denomination and form. The COIs shall be dated June 15, 2010, and certificates issued upon exchanges and transfer of COIs shall be dated so that no gain or loss of interest shall result from such transfer. The principal of and interest on said COIs shall be payable to the registered owner at the principal corporate trust office of the First National Bank of Omaha, in Omaha, Nebraska, which is hereby designated as Paying Agent and Registrar for the COIs by virtue of a check or draft mailed by the Paying Agent to the person in whose name the ownership of each COI is registered on the books of the Paying Agent and Registrar at the close of business on the fifteenth day of the month preceding each such payment date. The principal and interest on the COIs are payable in lawful money of the United States of America.

Section 4.    COIs shall be executed on behalf of the District with the manual or facsimile signatures of the Chairperson and Clerk of the District in office on June 15, 2010, and an imprint of the corporate seal of the District shall be impressed or imprinted upon each certificate. In case any officer whose manual or facsimile signature shall appear on the COIs shall cease to be such officer before the delivery of such COIs,

2

such signature shall, nevertheless, be valid and sufficient for all purposes, the same as if such officer had remained in office until delivery.

Each COI shall have endorsed thereon a certificate of authentication substantially in the form hereinafter set forth, duly executed by the Paying Agent and Registrar. No COIs shall be valid or obligatory for any purpose unless and until such certificate of authentication shall have been duly executed by the Paying Agent and Registrar and such executed certificate upon any such COI shall be conclusive evidence that such bond has been authenticated and delivered in accordance with this Resolution and the Confirmed Plan.

The District hereby provides and directs that the COIs shall be issued in "book-entry-only" form under the services of The Depository Trust Company (the "Depository"), with one typewritten certificate being issued to the Depository. In such connection, said officers are authorized to execute and deliver a Letter of Representation in the form required by the Depository, for and on behalf of the District which shall thereafter govern matters with respect to registration, transfer, payment and prepayment, and redemption of the COIs and the following provisions shall apply:

    (a) The District and the Paying Agent and Registrar shall have no responsibility or obligation to any broker-dealer, bank or other financial institution for which the Depository holds the COIs as securities depository (each, a "Bond Participant") or to any person who is an actual purchaser of a COI from a Certificate Participant while the COIs are in book-entry form (each, a "Beneficial Owner") with respect to the following:

        (i) the accuracy of the records of the Depository, any nominees of the Depository or any Bond Participant with respect to any ownership interest in the COIs.

        (ii) the delivery to any Bond Participant, any Beneficial Owner or any other person, other than the Depository, of any notice with respect to the COIs, including any notice of prepayment or redemption, or

        (iii) the payment to any Bond Participant, any Beneficial Owner or any other person, other than the Depository, of any amount with respect to the COIs. The Paying Agent and Registrar shall make payments with respect to the COIs only to or upon the order of the Depository or its nominee, and all such payments shall be valid and effective fully to satisfy and discharge the obligations with respect to such COIs to the extent of the sum or sums so paid. No person other than the Depository shall receive an authenticated COI.

    (b) Upon receipt by the Paying Agent and Registrar of written notice from the Depository to the effect that the Depository is unable or unwilling to discharge its responsibilities, the Paying Agent and Registrar shall issue, transfer and exchange COIs requested by the Depository in appropriate amounts. Whenever the Depository requests the Paying Agent and Registrar to do so, the Paying Agent and Registrar will cooperate with the Depository in taking appropriate action after reasonable notice (i) to arrange, with the prior written consent of the District, for a substitute depository willing and able upon reasonable and customary terms to maintain custody of the COIs or (ii) to make available COIs registered in whatever the name or names the Beneficial Owners transferring or exchanging such COIs shall designate.

    (c) If the District determines that it is desirable that certificates representing the COIs be delivered to the ultimate Beneficial Owners of the COIs and so notifies the Paying Agent and Registrar in writing, the Paying Agent and Registrar shall so notify the Depository, whereupon

3

the Depository will notify the Certificate Participants of the availability through the Depository of certificates representing the COIs. In such event, the Paying Agent and Registrar shall issue, transfer and exchange certificates representing the COIs as requested by the Depository in appropriate amounts and in authorized denominations.

(d) Notwithstanding any other provision of this resolution to the contrary, so long as any COIs is registered in the name of the Depository or any nominee thereof, all payments with respect to such COI and all notices with respect to such COIs shall be made and given, respectively, to the Depository as provided in the Letter of Representation.

(e) Registered ownership of the COIs may be transferred on the books of registration maintained by the Paying Agent and Registrar, and the COIs may be delivered in physical form to the following:

    (i)    any successor securities depository or its nominee;

    (ii)    any person, upon (A) the resignation of the Depository from its functions as depository or (B) termination of the use of the Depository pursuant to this Section and the terms of the Paying Agent and Registrar's Agreement.

(f) The books and records of the Paying Agent and Registrar shall govern and establish the principal amount and accrued interest of such COIs as is outstanding and all of the COIs issued to the Depository or its nominee shall contain a legend to such effect.

If for any reason the Depository resigns and is not replaced, the District shall immediately provide a supply of printed certificates for issuance upon the transfers from the Depository and subsequent transfers or in the event of partial prepayment. In the event that such supply of certificates shall be insufficient to meet the requirements of the Registrar for issuance of replacement COIs upon transfer or partial payment, the District agrees to order printed an additional supply of certificates and to direct their execution by facsimile or manual signatures of its then duly qualified and acting Chairperson and Clerk and by imprinting thereon or affixing thereto the District's seal. In case any officer whose signature or facsimile thereof shall appear on any COI shall cease to be such officer before the delivery of such COI (including certificates delivered to the Registrar for issuance upon transfer or partial prepayment), such signature or such facsimile signature shall nevertheless be valid and sufficient for all purposes the same as if such officer or officers had remained in office until the delivery of such COI.

Section 5.    The District and the Paying Agent and Registrar may treat the registered owner of any COI as the absolute owner of such COI for the purpose of making payment thereof and for all other purposes and neither the District nor the Paying Agent and Registrar shall be bound by any notice or knowledge to the contrary. All payments of or on account of principal or interest to the registered owner of any COI shall be valid and effectual and shall be a discharge of the District and the Paying Agent and Registrar, in respect of the liability upon the COI or claim for interest, as the case may be, to the extent of the sum or sums paid.

The District will cause books for the registration and transfer of the COIs to be kept at the principal office of the Paying Agent and Registrar at all times while any of such COIs shall be outstanding. Any COI may be transferred pursuant to its provisions at the principal office of the Paying Agent and Registrar by surrender of such COI for cancellation, accompanied by a written instrument of transfer in form satisfactory to such Paying Agent and Registrar duly executed by the registered owner in person or by his duly authorized agent, and thereupon the Paying Agent and Registrar will authenticate and deliver at the office of the Paying Agent and Registrar (or send by registered mail to the owner thereof at such owner's expense), in the name of the transferee or transferees, a new COI of the same series, interest rate, principal amount and maturity, dated so there shall result in no gain or loss of interest as a result of such transfer. To the extent of denominations

4

authorized for COIs by the terms if this Resolution, one COI may be transferred for several other COIs of this issue, series, interest rate and maturity, and for a like aggregate principal amount and several such COIs of this issue may be transferred for one or several such COIs, respectively, of this issue, series, interest rate and maturity and for a like aggregate principal amount.

As a condition of any registration or transfer, the Paying Agent and Registrar may at its option require the payment of a sum sufficient to reimburse it or the District for any tax or other governmental charge that may be imposed thereon, but no fees shall be charged to the bond holder for the registration of transfer or issuance.

The Paying Agent and Registrar shall not be required (a) to issue, transfer or exchange COIs from the fifteenth day of the month immediately preceding any principal or interest payment date until such payment date; (b) to issue, register or transfer any COIs for a period of 15 days thereafter; (c) to register, transfer or exchange any COIs which have been designated for redemption or prepayment within a period of 30 days next preceding the date fixed for redemption or prepayment.

Section 6.    Notice of the prepayment or redemption of all of the COIs shall be given by first class mail to the registered owners of the COIs, addressed to his or her registered address and placed in the mail not less than 30 nor more than 60 days prior to the date fixed for prepayment or redemption. Such notice shall specify the prepayment date and the place where the prepayment amount will be payable. In the case of COIs to be prepaid or redeemed in part only, no notice need be given to the registered owners of the COIs. If funds sufficient for such redemption shall be held by the Paying Agent and Registrar on the date fixed for prepayment or redemption and any required notice shall have been given, the COIs or the portion thereof thus called for prepayment or redemption shall not bear interest after the date fixed for prepayment or redemption.

If less than all of the COIs are to be prepaid, the amount of such prepayment shall be paid to the registered owner of each COI proportionally based upon the principal amount of COIs owned by such registered owner compared to the total principal amount of COIs outstanding.

Section 7.    The District agrees that it will collect all special assessments levied against the property within the District and will cause the same to be set aside and constitute a sinking fund for the payment of the principal of and interest on obligations of the District in accordance with and with the priorities provided in the Confirmed Plan. The District further agrees that it will cause to be levied annually upon all the taxable property in the District, a tax in an amount determined in accordance with the Confirmed Plan which, together with such sinking fund, will be used to meet the payment of principal of and interest on the COIs of the District as provided in the Confirmed Plan.

Section 8.    First National Bank of Omaha, located in Omaha, Nebraska, is hereby appointed as Paying Agent and Registrar for the COIs. The District agrees to pay the fees and expenses of said Paying Agent and Registrar.

Section 9.    The COIs shall be in substantially the following form, with such modifications as shall be necessary or advisable to comply with the terms of this Resolution.

UNITED STATES OF AMERICA
STATE OF NEBRASKA

SANITARY AND IMPROVEMENT DISTRICT NO. 509
OF DOUGLAS COUNTY, NEBRASKA

CERTIFICATE OF INDEBTEDNESS

THIS CERTIFICATE IS ISSUED IN ACCORDANCE WITH THE PLAN OF ADJUSTMENT OF THE DISTRICT FILED IN THE DISTRICT'S BANKRUPTCY COURT PROCEEDING IDENTIFIED AS CASE NUMBER BK09-83145, AND COMMENCED ON NOVEMBER 19, 2009, AND APPROVED BY AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA ON MARCH 9, 2010 AND SUPPLEMENTAL ORDER ON _____, 2010, (TOGETHER, THE "CONFIRMED PLAN") AND THIS CERTIFICATE OF INDEBTEDNESS IS (I) SUBJECT TO THE PAYMENT TERMS SET FORTH IN THE CONFIRMED PLAN, (II) IS NOT GUARANTEED TO PAY FULL INTEREST OR RETURN PRINCIPAL FACE VALUE, (III) IS NOT SUBJECT TO GUARANTEE UNDER SECTION 31-755, R.R.S. NEBRASKA, 1943, AS AMENDED, AND (IV) REGARDLESS OF WHETHER OR NOT THERE IS AN OUTSTANDING BALANCE DUE ON ANY OR ALL PRE-PETITION CONSTRUCTION FUND WARRANTS AS OF THE TERMINATION DATE, ALL OBLIGATIONS OF THE DISTRICT REGARDING THE PRE-PETITION CONSTRUCTION FUND WARRANTS SHALL TERMINATE AS OF THE TERMINATION DATE, AT WHICH TIME, THE DISTRICT SHALL HAVE NO FURTHER OBLIGATION TO THE HOLDER OF ANY PRE-PETITION CONSTRUCTION FUND WARRANT.

R-_____                                                             $10,336,000.00*

Interest Rate                      Termination Date              Date of Original Issue
4.50%                              June 15, 2025                 June 15, 2010

Registered Owner:                                                Cusip

Principal Amount: _____ Dollars and no/ 100
($_____)

KNOW ALL MEN BY THESE PRESENTS:   That Sanitary and Improvement District No. 509 of Douglas County, Nebraska, being organized and existing under Chapter 31, Article 7, Reissue Revised Statutes of Nebraska, 1943, as amended, hereby acknowledges itself to owe and for value received promises to pay to the registered owner specified above, or registered assigns, the principal sum specified above, together with simple interest on the unpaid principal sum from the date hereof at the rate of 4.50% per annum, payable first to principal and the balance, if any, to interest annually on the first day of December of each year, commencing on December 1, 2010, (each, a "Payment Date") in an amount equal to Distributable Amount, as defined and described herein, and continuing until and including June 15, 2025 (the "Termination Date"). In each year prior to the Termination Date, the District has agreed to transfer all amounts available for distribution to the holders of Certificates of Indebtedness (the "COIs") in accordance with and pursuant to the Confirmed Plan, as defined and described herein, (the "Distributable Amount") to the Paying Agent to be held for payment on the COIs. Notwithstanding the foregoing, however, no payment shall be made to the holders of COIs on any Payment Date unless the Distributable Amount to be held by the Paying Agent on such payment date is in excess of

---

* subject to reduction if less than all of the District's Construction Fund Warrants are not tendered to the Paying Agent for exchange as is provided in the Confirmed Plan.

6

$100,000.00 as provided in and in accordance with the Confirmed Plan. All such payments shall be allocated and paid by such Paying Agent proportionately to the registered owners of the COIs based upon the outstanding principal and interest then due to such registered owner of a COI compared to the total principal and interest of the COIs then due to all registered owners. All payments on this COI shall be first applied to principal and the balance, if any, to interest. Interest shall only be paid if, and only if, all the principal amount of this COI has been paid, in full, and until such principal amount is paid, in full, all such interest shall be accrued until paid. If any principal amount of this COI, together with any interest, remains outstanding and unpaid on the Termination Date, such principal and interest shall be discharged, canceled, extinguished and terminated on the Termination Date after any payment of a Distributable Amount on such Termination Date. The principal and interest on this COI is payable by check or draft mailed to the person in whose name this bond is registered on the books of First National Bank of Omaha, located in Omaha, Nebraska, as the Paying Agent and Registrar of the COIs, at the close of business on the fifteenth day of the month immediately preceding such payment date. The principal and interest on this COI are payable in lawful money of the United States of America.

COIs are subject to prepayment or redemption at any time at the option of the District with no redemption or prepayment premium.

If less than all of the COIs are to be prepaid or redeemed, the amount of such prepayment shall be paid to the registered owners of each COI proportionally based upon the principal amount of COIs owned by such registered owner compared to the principal amount of all of the COIs outstanding.

Notice of redemption of this COI shall be given as provided the hereinafter described Resolution.

This COI is one of an issue of COIs, all originally dated June 15, 2010 and of like tenor herewith except as to amount, in the total principal amount of Ten Million Three Hundred Thirty-Six Thousand Dollars and No/100 ($10,336,000.00) issued by said District for the purpose of paying a portion of the cost of construction of certain improvements in and for the District, by virtue of an exchange for construction warrants issued in connection therewith in strict compliance with the provisions of Section 31-727 to 31-762, Reissue Revised Statutes of Nebraska, 1943, as amended, and the order of the United States Bankruptcy Court for the District of Nebraska, dated March 9, 2010 confirming the Plan of Adjustment of the District and Supplemental Order dated _____ (the said Plan of Adjustment and said Order, as supplemented, are hereinafter collectively referred to as the "Confirmed Plan") filed in the District's proceeding in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court") identified as case number BK09-83145, commenced on November 19, 2009, and other statutes applicable thereto and the issuance of said certificates has been duly authorized by proceedings duly had and a Resolution duly passed and adopted by the Chairperson and Board of Trustees of said District, and approved by the District Court of Douglas County, Nebraska, in an action brought for that purpose and approved by the Bankruptcy Court in accordance with the Confirmed Plan.

The COIs are subject to, subordinate to and junior to the District's other obligations, including any of the District's General Obligation Bonds, to be issued, from time to time, at the discretion of the District, and the District's $1,000,000 General Obligation Bonds, Series 2010, dated June 15, 2010, (collectively, the "Bonds").

Special assessments have been or will be levied upon the properties within the District, which special assessments are valid liens against the respective lots and parcels of land upon which they will be levied. The District agrees that it will collect said special assessments and that the same shall be set aside and constitute a sinking fund for the payment of the interest on and principal of the obligations of the District in accordance with and with the priorities provided in the Confirmed Plan; and that the District will cause to be levied annually upon all taxable property in said District a tax in an amount determined in accordance with the Confirmed Plan which, together with such sinking fund derived from the special assessments, will be used to pay the principal of and interest on the COIs of the District in accordance with the Confirmed Plan.

7

This COI is transferable by the registered owner or such owner's attorney duly authorized in writing at the principal office of the Paying Agent and Registrar upon surrender and cancellation of this certificate, and thereupon a new certificate (or certificates) in the same principal amount will be issued to the transferee as provided in the Resolution. The District and Paying Agent and Registrar and any other person may treat the person in whose name this certificate is registered as the absolute owner hereof for the purpose of receiving payment thereof and for all other purposes, and shall not be affected by any notice to the contrary whether this certificate be overdue or not.

This COI shall not be valid and binding on the District until authenticated by the Paying Agent and Registrar in the space hereinbelow indicated.

AS PROVIDED IN THE RESOLUTION REFERRED TO HEREIN, UNTIL THE TERMINATION OF THE SYSTEM OF BOOK-ENTRY-ONLY TRANSFERS THROUGH THE DEPOSITORY TRUST COMPANY, NEW YORK, NEW YORK, REFERRED TO HEREINAFTER AS "DTC" TOGETHER WITH ANY SUCCESSOR SECURITIES DEPOSITORY APPOINTED PURSUANT TO THE RESOLUTION AND NOTWITHSTANDING ANY OTHER PROVISIONS OF THE RESOLUTION TO THE CONTRARY, A PORTION OF THE PRINCIPAL AMOUNT OF THIS COI MAY BE PAID OR REDEEMED WITHOUT SURRENDER HEREOF TO THE REGISTRAR. DTC, OR A NOMINEE, TRANSFEREE, OR ASSIGNEE OF DTC OF THIS COI MAY NOT RELY UPON THE PRINCIPAL AMOUNT INDICATED HEREON AS THE PRINCIPAL AMOUNT OUTSTANDING AND UNPAID. THE PRINCIPAL AMOUNT HEREOF AND THE ACCRUED INTEREST HEREON OUTSTANDING AND UNPAID SHALL FOR ALL PURPOSES BE THE AMOUNT DETERMINED IN THE MANNER PROVIDED IN THE RESOLUTION.

UNLESS THIS COI IS PRESENTED BY AN AUTHORIZED OFFICER OF DTC (A) TO THE REGISTRAR FOR REGISTRATION OF TRANSFER OR EXCHANGE OR (B) TO THE REGISTRAR FOR PAYMENT OF PRINCIPAL, AND ANY COI ISSUED IN REPLACEMENT HEREOF OR SUBSTITUTION HEREOF IS REGISTERED IN THE NAME OF DTC AND ANY PAYMENT IS MADE TO DTC OR ITS NOMINEE, ANY TRANSFER, PLEDGE OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL BECAUSE ONLY THE REGISTERED OWNER HEREOF, DTC OR ITS NOMINEE, HAS AN INTEREST HEREIN.

IT IS HEREBY CERTIFIED AND WARRANTED that all conditions, acts and things required by law to exist or to be done precedent to and in the issuance of this COI, did exist, did happen, and were done and performed in regular and due form and time as required by law, and that the indebtedness of the District including this COI does not exceed any limitation imposed by law.

IN WITNESS WHEREOF, Sanitary and Improvement District No. 509 of Douglas County, Nebraska, has caused this COI to be executed on its behalf with the manual or facsimile signatures of its Chairperson and Clerk and its manual or facsimile of its corporate seal to be imprinted or affixed hereto, all as of the date specified above.

> Sanitary and Improvement District No. 509 of Douglas County, Nebraska
>
> _____
> Chairperson

ATTEST:

_____
Clerk
(SEAL)

8

## CERTIFICATION OF AUTHENTICATION

This COI is one of the COIs of the issue designated therein and issued under the provisions of the resolution authorizing said issue.

                                          First National Bank of Omaha,
                                        Omaha, Nebraska

                                        By:_____
                                                 Authorized Signature

## ASSIGNMENT

For value received _____ hereby sells, assigns and transfers unto _____ the within mentioned COI and hereby irrevocably constitutes and appoints _____, Attorney to transfer the same on the books of registration in the office of the within mentioned Paying Agent and Registrar with full power of substitution in the premises.

                                        Dated: _____

                                        _____
                                        Registered Owner

                                        _____
                                        Registered Owner

Witness: _____

     Note: The signature of this assignment must correspond with the name as written on the face of the within mentioned COI in every particular, without alteration, enlargement or any change whatsoever.

Section 10.    The Confirmed Plan provides that the outstanding construction fund warrants of the District comprising Outstanding Warrant Indebtedness (the "Construction Fund Warrants"), are to be tendered by the holders thereof for exchange prior to July 15, 2010. The Confirmed Plan provides and dictates that such Construction Fund Warrants are to be exchanged for COIs on the basis of a COI in a principal amount equal to the amount of the principal of and interest on a Construction Fund Warrant tendered to the Paying Agent for exchange.

Section 11.    Upon receipt of a Construction Fund Warrant from the registered owner thereof (the "Owner"), the Paying Agent and Registrar shall verify its authenticity, determine the principal amount thereof and determine the accrued interest thereon to June 15, 2010 (the "Warrant Amount"), and thereafter cause a COI to be registered to the Owner in the principal amount equal to the Warrant Amount, rounded to the nearest dollar. No accrued interest shall be calculated or paid on any COI and the principal amount of all COIs exchanged shall always be based on the Warrant Amount, regardless of the date upon which Construction Fund Warrants are tendered.

All Construction Fund Warrants tendered for exchange to the Paying Agent and Registrar shall be delivered to the District for cancellation.

Any Construction Fund Warrants which have not been delivered to the Paying Agent and Registrar on or before the date that is the later of: (a) July 15, 2010, or (b) such other date as is ordered by a Court of competent jurisdiction, shall not be exchanged for COIs and any COIs not then registered by the Paying Agent and Registrar shall be canceled and deemed not outstanding.

Section 12.    Sanitary and Improvement District No. 509 of Douglas County, Nebraska, hereby covenants to the purchasers and holders of the COIs that it will make no use of the proceeds of the COIs which would cause the COIs to be arbitrage bonds within the meaning of Sections 103 and 148 of the Internal Revenue Code of 1986, as amended, and further covenants to comply with said Sections 103 and 148 and all applicable regulations thereunder throughout the term of said COIs. The District hereby covenants and agrees to take all actions necessary under current federal law to maintain the tax-exempt status (as to taxpayers generally) of interest on the COIs.

Section 13.    Sanitary and Improvement District No. 509 of Douglas County, Nebraska, hereby covenants and agrees as follows: the improvements and/or facilities being financed or refinanced are for essential governmental functions and are designed to serve members of the general public on an equal basis; all said improvements have from the time of their first acquisition and construction been owned, are owned and are to be owned by the District or another political subdivision; to the extent special assessments have been or are to be levied for any of said improvements, such special assessments have been or are to be levied under Nebraska law as a matter of general application to all property specially benefited by said improvements in the District; the development of the land in the District is for residential or commercial use and the development of the land in the District for sale and occupation by the general public has proceeded and is proceeding with reasonable speed; other than any incidental use of said improvements by a developer during the initial period of development of said improvements, there have been, are and will be no persons with rights to use such improvements other than as members of the general public; none of the proceeds of said COIs or any refinanced indebtedness have been or will be loaned to any private person or entity; the District hereby authorizes and directs the Chairperson or Clerk to file or cause to be filed, when due, an information reporting form pursuant to Section 149(e) of the Internal Revenue Code of 1986, as amended, pertaining to said COIs; and the District does not reasonably expect to sell or otherwise dispose of said improvements and/or facilities, in whole or in part, prior to the last maturity of the said COIs.

Section 14.    The District hereby agrees, while the COIs are outstanding and in accordance with the requirements of Rule 15c2-12 (the "Rule") promulgated by the Securities and Exchange Commission (the

10

"Commission:), pursuant to the Securities Exchange Act of 1934 that it will provide or cause to be provided the following continuing disclosure information.

    A. to the Municipal Securities Rulemaking Board (the "MSRB") and to D.A. Davidson & Co., on or before December 31, of each year commencing on December 31, 2010, annual financial information and operating data generally consistent with the information set forth in the District's audited financial statements; audited financial statements shall be prepared in accordance with generally accepted accounting principals (including, as deemed appropriate by the District, as such principals may be modified by accounting standards promulgated by the Government Accounting Standards Board), or mandated state statutory principals, as in effect from time to time;

    B. in a timely manner, to the MSRB, notice of the occurrence of any of the following events with respect to the COIs, if in the judgment of the District, such event is material: (a) principal and interest payment delinquencies, (b) non-payment related defaults, (c) unscheduled draws on debt service reserves, if any, reflecting financial difficulties (it being understood that no debt service reserves are being established for the COIs authorized under this Resolution), (d) adverse tax opinions or events affecting the tax-exempt status of the COIs, (e) modifications to rights of the registered owners of the COIs, (f) unscheduled calls of the COIs, (g) defeasances of the COIs, (h) release, substitution or sale of property securing repayment of the COIs and (i) rating changes, if any (it being understood that no rating with respect to the COIs has been or is expected to be applied for).

    C. in the timely manner, to the MSRB, notice of any failure on the part of the District to provide required annual financial information not later than 180 days from the end of the District's fiscal year.

The District agrees that all such information required to be filed with the MSRB shall be provided for filing in such format and accompanied by such identifying information as shall be prescribed by the MSRB. The District reserves the right to modify from time to time the specific types of information, provided or the format of the presentation of such information, to the extent necessary or appropriate in the judgment of the District, consistent with the Rule. The District agrees that the foregoing covenants are for the benefit of the registered owners of the COIs (including Beneficial Owners) and that such covenants may be enforced by any registered owner or Beneficial Owner, provided that any such right to enforcement shall be limited to specific enforcement of such undertaking and any failure shall not constitute an event of default under the resolution governing the issuance of the COIs. The foregoing continuing disclosure obligations of the District shall cease when none of the COIs remain outstanding.

    Adopted this 3rd day of May, 2010.

_____
Chairperson

_____
Clerk

DOCS/968642.4

11